IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA SPANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  1:04CV969-T |
| | ) | [WO] |
| DYNCORP TECHNICAL SERVICES, | ) | |
| LLC, and ARMY FLEET SUPPORT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION

Upon consideration of the plaintiff's Motion To Compel, filed on 16 May 2005 (Doc. # 21), the defendant's response, filed on 27 May 2005 (Doc. # 24), and for good cause, it is ORDERED that the motion be GRANTED.

It is undisputed that (1) the plaintiff propounded her discovery requests on 3 March 2005; (2) the defendant likely has possession of the information and documentation requested; (3) the defendant "does not oppose the production of the documents and/or information requested in the plaintiff's discovery requests" (Doc. # 24); and (4) the defendant has made a partial response to the plaintiff's requests.  The court is also persuaded that the parties  - including the defendants -   have made good faith efforts to confer regarding the discovery.  In fact, in a telephone conference conducted on this date, counsel for all of the parties represented that DynCorp has tendered the requested documents to the plaintiff's counsel, but they have not been reviewed to determine the completeness of the responses.

Because the defendant relocated its operations and business records to Texas, resulting

in an understandable delay in responding to discovery requests, almost four months  - or 120

days -  have elapsed since the plaintiff's request.  Moreover, the defendant made the

following representations more than one month ago:

> Dyncorp is having difficulty gathering the requested information
> and documentation.   .   .   [A]lthough DynCorp is diligently
> working to locate the documents and information relevant to this
> lawsuit, the process is necessarily slow and tedious.   .   .   .
> DynCorp will continue its efforts to sift through the boxes and
> will immediately produce any relevant documents it finds.

Doc. # 24, pp. 1-2.

While the court has no evidence before it that DynCorp is not "working in good faith

to respond to the plaintiff's discovery requests" (Doc. # 24, p. 2), and does not doubt that "it

is DynCorp's ability, not willingness, to produce any and all relevant documentation and

information that is at issue", the court does not agree that "there is no need to compel

production".

Indeed, there are at least two critical reasons.  First, the responses are overdue, and

the deadlines set in this litigation have already been compromised by the delay.  Second,

pursuant to Rules 33 and 34 of the *F. R. Civ. Pro.*, DynCorp's objections to the discovery

requests have been waived.  A party must serve the responses or objections within 30 days

after the service of the discovery requests.  Thus, DynCorp's failure to object on or before

4 April 2005 constitutes a waiver, and the court will not consider any objections.

Accordingly, it is ORDERED as follows:

1.      The plaintiff's motion is GRANTED.

2.      On or before 8 July 2005, the defendant shall ascertain that complete responses

to all of the plaintiff's outstanding discovery requests are served or have been served upon plaintiff's counsel.

3.    If Dyncorp cannot locate certain of the information or documents requested, DynCorp should submit a Notice of Unavailable Documents on or before 8 July 2005.

DONE this 1st day of July, 2005.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE